IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

_____

**VJ, LLC,**

    **Plaintiff,**

**v.**                                                   **Civil Action No: _____**
                                                          **JURY DEMANDED**

**STATE AUTO PROPERTY**
**AND CASUALTY INSURANCE**
**CO.,**

    **Defendant.**

_____

**COMPLAINT**
_____

COMES NOW the Plaintiff, VJ, LLC, by and through counsel, and submits the following for its Complaint against State Auto Property and Casualty Insurance Co.:

**PARTIES AND JURISDICTION**

1.    VJ, LLC (hereafter "Plaintiff") is a Mississippi corporation with its principal office located at 4165 Getwell Road, Hernando, Mississippi. At all times relevant hereto, Plaintiff was the owner of the real estate and structures located at 2901 and 2929 Convair Road, Memphis, Tennessee (the "Insured Premises").

2.    Defendant, State Auto Property & Casualty Insurance Co. (hereafter "State Auto"), is an insurance company engaged in the insurance business in the State of Tennessee, including Shelby County. Upon information and belief, State Auto's principal office is located in Columbus, Ohio.

3.    Complete diversity of citizenship exists pursuant to 28 U.S.C. § 1332, and the amount in controversy, exclusive of interest and costs, exceeds $75,000.

4.      This Complaint originates as the result of insured losses that substantially and/or totally damaged or destroyed the structures located on the Insured Premises.

## FACTS

5.      At all times relevant hereto, Plaintiff was the insured in an insurance contract whereby State Auto agreed to insure the buildings located at the Insured Premises against property damage, upon information and belief bearing Policy No. BOP 2524722 03 (the "Policy").  The Policy's term was October 12, 2012 to October 12, 2013, but the Policy was cancelled by State Auto effective June 6, 2013.  The Policy was issued to Plaintiff in Memphis, Tennessee.  The Policy is incorporated herein by reference as if set forth verbatim.

6.      At all times relevant hereto, the Insured Premises consisted of two industrial buildings connected by a walkway and surrounding area, which Plaintiff leased to third parties, including Southern Bindery Incorporated and Jason Fisher for the purposes of book binding operations.

7.      The Policy provided insurance coverage for direct physical loss to the buildings located on the Insured Premises and such other insurance coverage as specifically set forth in the Policy.

8.      The Declarations page of the Policy reveals that coverage was provided for the buildings located on the Insured Premises in the following amounts, subject to an automatic increase percentage of four percent (4%):

      a.   2929 Convair Road        $2,505,315

      b.   2901 Convair Road        $869,087

9.      As defined by the Policy, the coverage provided for the "buildings" located on the Insured Premises included buildings, structures, additions, fixtures, permanently installed

machinery and equipment, personal property furnished by Plaintiff as landlord, and personal property owned by Plaintiff used to maintain or service the buildings or structures on the Insured Premises.

10. The Policy was an "all-risks" policy, meaning that the Policy covered all risks of direct physical loss or damage except for those specifically excluded by the Policy.

11. Pursuant to the Policy, Plaintiff paid an annual premium to State Auto in exchange for insurance coverage. Plaintiff paid the required premiums at all times relevant to this Complaint.

12. On or about May 31, 2013 and at subsequent times during the term of the Policy, the buildings located on the Insured Premises were damaged by thieves and/or vandals, resulting in substantial direct, physical loss to the Insured Premises. Specifically, the thieves and/or vandals unlawfully and forcibly entered the buildings located on the Insured Premises and caused significant damage, including the following, without limitation:

    a. Ripped out and stole piping and copper tubing;

    b. Damaged, destroyed, and stole HVAC units and equipment;

    c. Caused water damage to the buildings by breaking, and then stealing, active water pipes and abandoning the scene with the water still running;

    d. Damage to the walls, floors, and ceilings;

    e. Damage to and theft of the electrical system and fixtures;

    f. Damage to and theft of the intercom and telephone system and fixtures;

    g. Damage to and theft of the plumbing system and fixtures; and

    h. Damage to the structural components of the buildings;

    i. Damage to and theft of permanently installed equipment and machinery; and

      j.    Other significant and substantial damage to the buildings, as defined by the Policy (the "Loss").

13.    Plaintiff promptly reported the Loss to State Auto.

14.    Plaintiff fulfilled all of the duties after the Loss that were imposed upon it by the Policy to the satisfaction of State Auto.

15.    As it relates to the Loss, there is no applicable exclusion. The Loss is a compensable claim under the Policy.

16.    Despite the fact that Plaintiff has fulfilled all duties imposed upon it by State Auto and is at no fault in this matter, State Auto has wrongfully denied and refused to fully and promptly pay Plaintiff's claim for insurance proceeds.

17.    Specifically, State Auto denied Plaintiff's insurance claim by letter dated February 12, 2014.

18.    In its denial letter, State Auto stated that the reason for the denial of the claim was that "the insured building was vacant at the time of the theft."

19.    The Policy provides:

    b.    Vacancy Provisions

    If the building where loss or damage occurs has been vacant for more than 60 consecutive days before that loss or damage occurs:

    (1)    We will not pay for any loss or damage caused by any of the following even if they are Covered Causes of Loss:

        (a)    Vandalism;
        ...
        (e)    Theft; or
        (f)    Attempted theft.

20.    The Policy defines the term "vacant" as follows:

Description of Terms

>   (1) As used in this Vacancy Condition, the term building and the term vacant have the meanings set forth in (1)(a) and (1)(b) below:
>
>   (a) When this policy is issued to a tenant, and with respect to that tenant's interest in the Covered Property, building means the unit or suite rented or leased to the tenant. Such building is vacant when it does not contain enough business personal property to conduct customary operations.
>
>   (b) When this building is issued to the owner of a building, building means the entire building. Such building is vacant when 70% of more of its total square footage:
>   (i) is not rented; or
>   (ii) is not used to conduct customary operations.

21. At the time of the Loss, the buildings located on the Insured Property had not been "vacant" (as defined by the Policy) for more than sixty (60) consecutive days. In fact, during the sixty consecutive days prior to the Loss, the buildings contained enough business personal property to conduct customary operations, more than 30% of the total square footage of each of the buildings were rented, and more than 30% of the total square footage of each of the buildings were used to conduct customary operations. Indeed, the buildings were fully stocked and equipped to perform customary book binding operations and more than 30% of the total square footage of each of the buildings were used for customary book binding operations by a tenant, Jason Fisher, within a week prior to the Loss.

22. State Auto's failure and refusal to pay Plaintiff the amounts owed to it for the Loss is without justification.

23. State Auto's failure and refusal to pay the money and benefits due and owing Plaintiff under the Policy has caused Plaintiff to initiate this Complaint to recover the insurance proceeds to which it is entitled.

## **CAUSES OF ACTION**

### **Count 1 – Breach of Contract**

24. The allegations contained in Paragraphs 1-23 of this Complaint are incorporated herein by reference as if set forth verbatim.

25. The Policy issued by State Auto is a binding contract, and is supported by valid consideration.

26. State Auto is in total material breach of the Policy, and State Auto is liable to Plaintiff in the maximum amount allowed by the Policy for the Loss. Specifically, State Auto's breach of contract includes the following, without limitation: (a) State Auto's failure and refusal to pay the amounts owed to Plaintiff for the Loss under the Building coverage afforded by the Policy; (b) State Auto's failure and refusal to pay all amounts owed to Plaintiff for the costs of debris removal associated with the Loss; and (c) State Auto's failure and refusal to pay such other amounts to Plaintiff as may be required by the Policy.

27. As a result of State Auto's breach of contract, Plaintiff has sustained substantial compensable losses for the amounts claimed under the Policy.

28. State Auto is liable to Plaintiff for its losses.

29. State Auto's breach of contract was intentional, fraudulent, malicious, and/or reckless, therefore justifying an award of punitive damages. *See, e.g., Riad v. Erie Ins. Exchange*, 436 S.W.3d 256, 276 (Tenn. Ct. App. Oct. 31, 2013). Specifically, State Auto intentionally, fraudulently, maliciously, and/or recklessly: (1) failed to effectuate a prompt and fair settlement of Plaintiff's claim when liability was reasonably clear; (2) refused and failed to conduct a reasonable, prompt, and fair investigation concerning the issues surrounding Plaintiff's claim for insurance proceeds; (3) unjustly refused and/or failed to pay Plaintiff's claim for its own financial

preservation with no reasonable or justifiable basis; (4) denied Plaintiff's claim for no valid reason whatsoever; (5) failed to treat Plaintiff's interests with equal regard to its own; (6) promised prompt action and claim-handling but then failed to provide any payment or even any prompt communication or status report; (7) failed and refused to pay Plaintiff's valid claim; (8) failed to timely investigate, scope, and estimate the Loss; and (9) knew the true facts that the Insured Premises was not vacant for the sixty consecutive days prior to the Loss, but nonetheless denied Plaintiff's claim citing an exclusion it knew to be inapplicable. State Auto knew, or reasonably should have known, that Plaintiff was justifiably relying on the money and benefits due it under the terms of the Policy. Nevertheless, acting with conscious disregard for Plaintiff's rights and with the intention of causing or willfully disregarding the probability of causing unjust and cruel hardship on Plaintiff, State Auto consciously ignored Plaintiff's valid claim and then denied Plaintiff's claim and withheld monies and benefits rightfully due Plaintiff. Plaintiff seeks, and is entitled to, punitive damages.

WHEREFORE, as a result of the foregoing, Plaintiff would respectfully request that this Honorable Court award a judgment to Plaintiff as follows:

A. For compensatory damages to Plaintiff against State Auto not to exceed $3,600,000.00;

B. For punitive damages against State Auto not to exceed $20,000,000.00;

C. For all costs incurred by Plaintiff as a result of this action;

D. For pre- and post-judgment interest; and

E. For such other further and general relief as this Court deems just and equitable.

## JURY DEMAND

Plaintiff demands a jury.

Respectfully submitted,

GILBERT RUSSELL McWHERTER
SCOTT & BOBBITT, PLC


/s J. Brandon McWherter
J. BRANDON McWHERTER #21600
bmcwherter@gilbertfirm.com
341 Cool Springs Blvd, Suite 230
Franklin, TN  37067
(615) 354-1144
(731) 664-1540 *Facsimile*

and

William C. Ryan, #20269
DONATI LAW, PLLC
billy@donatilaw.com
1545 Union Ave.
Memphis, TN  38104
(901) 278-1004
(901) 278-3311 *Facsimile*
*Attorneys for Plaintiff*