```
              IN THE UNITED STATES DISTRICT COURT
             FOR THE WESTERN DISTRICT OF TENNESSEE
                         WESTERN DIVISION
```

VJ, LLC,                          )
                                  )
                                  )
     Plaintiff,                   )
                                  )
v.                                )    No. 14-2919
                                  )
STATE AUTO PROPERTY and           )
CASUALTY INSURANCE CO.,           )
                                  )
     Defendant.                   )
                                  )
                                  )

## ORDER

Before the Court is Defendant State Auto Property and Casualty Insurance Co.'s ("State Auto") November 30, 2015 Motion to Exclude Testimony of Chuck Howarth ("Howarth") (the "Motion"). (Motion, ECF Nos. 41-42.) Plaintiff VJ, LLC responded on January 14, 2016. (Resp., ECF No. 54.)

For the following reasons, the Motion is GRANTED in part and DENIED in part.

**I. Background**

VJ, LLC filed this action on November 26, 2014, alleging breach of contract and seeking compensatory and punitive damages. (Compl., ECF No. 1.) The contract is an insurance policy (the "Policy") that was issued to VJ, LLC by State Auto.

(Id.)  On May 31, 2013, the insured premises were damaged by thieves.  (Id.)  VJ, LLC filed a claim with State Auto (the "Claim").  (Id.)  State Auto denied coverage, asserting that, under the terms of the Policy's vacancy clause (the "Vacancy Provision"), the premises were vacant during the theft.  (Id.)

The parties agree that on January 27, 2015, State Auto learned that the insured premises were not vacant under the Vacancy Provision and accepted coverage.  (Defendant's MSJ Resp. to SUF, ECF No. 53 at ¶ 31.)  In April 2015, State Auto issued a check for $396,169.13 to VJ, LLC.  (Id. at ¶ 33.)  In August 2015, State Auto issued a check for $150,000.  (Id.)  In November 2015 State Auto made a supplemental payment of $23,123.15, representing $15,000 for mold damage and $8,123.15 for water damage.  (Id. at ¶ 34.)  The remaining issues in the case are whether State Auto owes VJ, LLC additional payment under the Policy and whether VJ, LLC is entitled to punitive damages under Tennessee law for State Auto's handling of the Claim.

VJ, LLC hired Howarth to testify about the scope of VJ, LLC's losses and repairs, the costs of the repairs and replacements, and State Auto's estimates.  (VJ, LLC Expert Disclosure, ECF No. 42-12.)  Howarth submitted a report as required by Fed. R. Civ. P. 26(a)(2)(B) and a supplemental report.  (Howarth Report, ECF No. 42-13; Howarth Supp. Report,

2

ECF No. 42-14.)  VJ, LLC intends to have Howarth testify about the value of VJ, LLC's losses and, in support of its request for punitive damages, about State Auto's handling of the Claim. (Resp., ECF No. 54 at 2.)  State Auto argues that Howarth's testimony should be excluded.[1]  (Motion, ECF No. 42.)

**II. Standard of Review**

Federal Rule of Evidence 702 governs the admissibility of expert witness testimony.  Fed. R. Evid. 702.  Rule 702 provides:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
>
> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
>
> (b) the testimony is based on sufficient facts or data;
>
> (c) the testimony is the product of reliable principles and methods; and
>
> (d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702.  "The rule gives district courts a 'gatekeeping role' in screening the reliability of expert testimony . . . ."  Tamraz v. Lincoln Elec. Co., 620 F.3d 665,

---

[1] State Auto has filed a motion asking the Court to bifurcate the trial into phases for: 1) liability for breach of contract, the amount of compensatory damages, and liability for punitive damages; and 2) the amount of punitive damages.  (Motion to Birfurcate, ECF No. 39.)  The Court construes the Motion to ask that Howarth's testimony be excluded during both phases.

3

668 (6th Cir. 2010) (citing Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 597 (1993)). "In Kumho Tire Co., Ltd., the Supreme Court explicitly extended the Daubert gatekeeping role to technical or other specialized expert testimony." Bureau v. State Farm Fire and Cas. Co., 129 F. App'x 972, 975 (6th Cir. 2005) (citing Kumho Tire Co., Ltd. v. Carmichael, 526 U.S. 137, 141 (1999)).

"[T]he district judge is generally required to 'ensure that any and all scientific testimony or evidence admitted is not only relevant, but reliable.'" Id. (citing Daubert, 509 U.S. at 589). The party proferring the expert testimony must establish its admissibility by a preponderance of the evidence. Daubert, 509 U.S. at 792 n. 10.

To determine whether the testimony will assist the trier of fact, "there must be a 'fit' between the inquiry in the case and the testimony . . . ." United States v. Bonds, 12 F.3d 540, 555 (6th Cir. 1993). "[R]ejection of expert testimony is the exception, rather than the rule." Burgett v. Troy-bilt LLC, 579 F. App'x 372, 376 (6th Cir. 2014) (citing In re Scrap Metal Antitrust Litig., 527 F.3d 517, 530 (6th Cir. 2008)). "A district court is free to exclude any expert testimony, including testimony of an announced expert, if the testimony is cumulative or redundant under Fed. R. Evid. 403." Bowman v.

4

Corrections Corp. of America, 350 F.3d 537, 547 (6th Cir. 2003) (internal quotation marks omitted).

### III. Analysis

#### A. State Auto's Handling of the Claim

State Auto argues that Howarth has no basis for his belief that State Auto acted in bad faith other than his interpretation of the Vacancy Provision. (Motion, ECF No. 42 at 8-11.) It argues that Howarth does not have specialized knowledge of the provision and that his testimony will not assist the jury. (Id. at 9-11.) It argues that the only specialized knowledge Howarth has is his calculation of the value of VJ, LLC's losses. (Id. at 11.) Howarth has admitted that he cannot conclude that State Auto acted in bad faith based only on the difference between his calculation and State Auto's calculation. (Id.; Howarth Depo., ECF No. 54-1 at 12.)

VJ, LLC responds that Howarth is qualified to testify because of his extensive experience with insurance claims. (Resp., ECF No. 54 at 6-7.) It argues that Howarth's opinion about State Auto's handling of the claim is based on State Auto's investigation process, not Howarth's interpretation of the Vacancy Provision. (Id. at 14.)

Howarth's testimony will not assist the jury. VJ, LLC intends to use Howarth's testimony to show that it is entitled to punitive damages under Tennessee law because State Auto acted

5

intentionally, fraudulently, maliciously, and/or recklessly. Riad v. Erie Ins. Exchange, 436 S.W. 3d 256, 276 (Tenn. Ct. App. 2013). Howarth concluded in his supplemental report that State Auto intentionally performed a poor investigation, acting "reckless at best, malicious and fraudulent at worse." (Howarth Supp. Report, ECF No. 42-14 at 3.) Although Howarth has extensive experience in the insurance industry and in applying vacancy provisions, courts have held that a jury can assess for itself whether an insurance company appropriately handled a claim. During the breach of contract phase of a bifurcated trial, the Sixth Circuit upheld the district court's decision to exclude the plaintiffs' "bad-faith" expert[2] from testifying about whether the defendant had followed industry standards during its handling of the plaintiffs' claim. Tannenbaum v. Federal Ins. Co., 608 F. App'x 316 (6th Cir. 2015) ("There was no error in postponing the testimony of the Tannenbaums' bad-faith witness to the bad-faith phase [of the trial], especially because even the proposed, potentially relevant testimony about industry standards would not have been helpful to the jury.") The Tannenbaum court cited Thompson v. State Farm Fire & Cas. Co., 34 F.3d 932, 941 (10th Cir. 1994) to support its holding that the testimony would not have assisted the jury. Thompson held that expert testimony comparing the insurance company's actions

---

[2] Howarth was also the expert in Tannenbaum.

6

to industry standards is not helpful to show that the claim was handled in bad faith because evaluating whether the company followed industry standards is "an issue that a jury is capable of assessing for itself." Thompson, 34 F.3d at 939-41. Thompson compared the issue to a jury's "determinin[ing] what constitutes the conduct of a reasonable person". Id. at 939.

The basis for Howarth's conclusion is that State Auto's conduct was contrary to how a claims adjuster applying a vacancy clause should perform an investigation under industry standards. (Resp., ECF No. 54 at 7; Howarth Report, ECF No. 42-13; Howarth Supp. Report, ECF No. 43-14.) As in Tannenbaum and Thompson, the jury can decide for itself whether State Auto acted intentionally, fraudulently, maliciously, or recklessly during the investigation. The Motion to exclude testimony by Howarth about State Auto's handling of the claim is GRANTED.

### B. Value of Loss

State Auto argues that Howarth's testimony about the value of VJ, LLC's loss will be redundant because another expert, Arthur Grandinetti ("Grandinetti"), who helped Howarth prepare the estimate, will testify. (Motion, ECF No. 42 at 12.) VJ, LLC responds that a ruling on whether Howarth and Grandinetti's testimonies are duplicative is premature. (Id. at 15.)

Excluding expert testimony as redundant is premature if there are pending dispositive motions and the trial is

sufficiently far away that the party proffering the expert has not finalized its decision about who will testify to what information and in what order.  <u>Piskura v. Taser Intern.</u>, No. 1:10-cv-248, 2012 WL 1267990, at *2 (S.D. Ohio April 13, 2012); <u>Adams v. Cooper Industries, Inc.</u>, No. 03-476-JBC, 2006 WL 2983054, at *11 (E.D. Ky. Oct. 17, 2006).  The trial is more than two months away.  Both parties have pending motions for summary judgment.  State Auto's argument is premature.  The Motion to exclude Howarth's testimony about the value of VJ, LLC's loss is DENIED without prejudice.

**IV. Conclusion**

The Motion to exclude Howarth's testimony about State Auto's handling of the claim is GRANTED.  The Motion to exclude Howarth's testimony about the value of VJ, LLC's loss is DENIED without prejudice.

So ordered this 11th day of July, 2016.

/s Samuel H. Mays, Jr._____
SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE

8